THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-261-1-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| DANIEL HOPKINS, ) | |
| ) | |
| ) | |
| _____ ) | |

This cause comes before the Court upon Defendant's motion to dismiss the indictment in this case (DE-24). The Government has responded to this motion (DE-25) and the matter is now ripe for adjudication. On October 19, 2010 , the matter was referred to the undersigned for the entry of a memorandum and recommendation.

On August 4, 2010, Defendant was charged in an a two count indictment with possession of a firearm and ammunition after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (DE-1). Defendant now argues that these charges should be dismissed pursuant to the Supreme Court's decision in Carachuri-Rosendo v. Holder, 2010 WL 2346552 (June 14, 2010). Title 18 U.S.C. § 922(g)(l) requires an individual to have a prior conviction for "a crime punishable by imprisonment for a term exceeding one year." State law determines "[w]hat constitutes a conviction of such a crime." § 921(a)(20); *see also,* United States v. Rodriquez, 553 U.S. 377, 387 (2008) ("the 'maximum penalty prescribed by law' for a state offense necessarily depends on state law").

The Defendant's criminal history indicates that, on April 17, 1998, the Defendant pled guilty as a youthful offender to robbery in New York, and received 5 years probation (DE-24, pg. 2). On November 5, 2007, Defendant pled no contest to Larceny from the Person, in Nash County, Nashville, North Carolina and received 24 months probation (DE-24, pg. 2). This offense is classified as a Class I felony under North Carolina law.

North Carolina has adopted a structured sentence system whereby each felony is assigned a certain class level. North Carolina General Statute § 15A-1340.17(c) provides a table of punishments indexed by the class level and defendant's prior record level, which a sentencing court can then use to calculate the minimum sentence for that offense. The statute actually provides three minimum sentencing ranges for the individual defendant allowing for a mitigated, presumptive, and aggravated range. N.C. Gen. Stat. § 15A-1340.17(c). After selecting the minimum sentence, Section 15A-1340.17(d) provides the corresponding maximum sentence. The statutory maximum sentence for Defendant's prior conviction was 15 months. N.C. Gen. Stat. § 15A-1340.17.

Defendant argues that his prior conviction does not qualify him as a person convicted of a crime "punishable by imprisonment for a term exceeding one year." In United States v. Harp, 406 F.3d 242 (4th Cir. 2005), the Fourth Circuit held that under Structured Sentencing, a prior North Carolina conviction qualified as a "crime punishable by imprisonment for a term exceeding one year" if any defendant charged with that offense could be sentenced to more than one year of imprisonment. *Id.* at 246 (holding, "to determine whether a conviction [under Structured Sentencing] is for a crime punishable by

2

a prison term exceeding one year, . . . we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history"); *see also,* United States v. Jones, 195 F.3d 205,207 (4th Cir. 1999) (holding that the highest possible imprisonment term for a particular class of offense determines whether a Structured Sentencing conviction qualifies as a "'crime punishable by imprisonment for a term exceeding one year'" for purposes of § 922(g)(1), "regardless of the prior criminal record status of the defendant"). Thus, pursuant to Harp, Defendant's prior Class I felony conviction qualifies as a predicate offense for the purposes of § 922(g) because the conviction was for an offense carrying a statutory maximum sentence of more than one year.

However, Defendant argues that subsequent decisions in United States v. Rodriquez, 553 U.S. 377, 387 (2008), United States v. Pruitt, 545 F.3d 416,423 (6th Cir. 2008), and Carachuri-Rosendo, call into question the continued validity of Harp.

In Rodriquez, the Supreme Court addressed the question of whether the possible application of a state's recidivist sentencing law could determine if a prior conviction qualified as a "serious drug offense" punishable by a term of imprisonment of at least 10 years for purposes of the Armed Career Criminal Act ("ACCA"), § 924(e)(2)(A)(ii). 553 U.S. at 380. Answering that question affirmatively, the Court in Rodriquez specifically rejected the argument that for purposes of ACCA the "maximum term of imprisonment ... is determined without reference to recidivist enhancements." *Id.*

Relying on Rodriquez, the Sixth Circuit stated in Pruitt that:

3

In holding that the recidivism statutory provision could be accounted for in determining the maximum term of imprisonment authorized for the offense, the Supreme Court clearly indicated that consideration of that enhancement was proper only in circumstances where the particular defendant actually faced the possibility of the enhancement. Pruitt, 545 F.3d at 423.

On June 14, 2010, the Supreme Court issued its decision in Carachuri-Rosendo. Carachuri-Rosendo addressed the applicability of a state's recidivist law to the aggravated felony determination in an immigration context. During its analysis, the Supreme Court stated:

> In [Rodriquez] we considered whether a recidivist finding under state law that had the effect of increasing the "maximum term of imprisonment" to 10 years, irrespective of the actual sentence imposed, made the offense a "serious drug offense" within the meaning of 18 U.S.C. § 924(e)(1) and therefore an [Armed Career Criminal Act] predicate offense. 553 U.S., at 382, 128 S. Ct. 1783, 170 L. Ed. 2d 719. We held that a recidivist finding could set the "maximum term of imprisonment," but only when the finding is a part of the record of conviction. *Id.,* at 389, 128 S. Ct. 1783, i 70 L. Ed. 2d 719. Indeed, we specifically observed that "in those cases in which the records that may properly be consulted do not show that the defendant faced the possibility of a recidivist enhancement, it may well be that the Government will be precluded from establishing that a conviction was for a qualifying offense." *Ibid.* In other words, when the recidivist finding giving rise to a 10-year sentence is not apparent from the sentence itself, or appears neither as part of the "judgment of conviction" nor the "formal charging document," *ibid.,* the Government will not have established that the defendant had a prior conviction for which the maximum term of imprisonment was 10 years or more (assuming the recidivist finding is a necessary precursor to such a sentence).
> Carachuri, 2010 WL 2346552, *8, n.12.

Finally, on June 21, 2010, the Supreme Court vacated and remanded for further

4

consideration several Fourth Circuit judgments in light of Carachuri-Rosendo. *See* Simmons v. United States, 2010 WL 2471064 (June 21, 2010); Watson v. United States, 2010 WL 2471071 (June 21, 2010); Williams v. United States, 2010 WL 753114 (June 21, 2010), Smith v. United States, 2010 WL 978690 (June 21, 2010).

Based on these rulings, Defendant now argues that he is factually and legally innocent of the crimes charged. However, The authorities cited by Defendant do not undermine the Fourth Circuit's precedent in Harp.

First, in Jones the Fourth Circuit examined North Carolina's structured sentencing in the context of a 18 U.S.C. § 922(g)(1) charge. Jones, 195 F.3d 205 (4th Cir.1999). Specifically, the Jones defendant contended that the district court erred in holding that his prior conviction was "a crime punishable by imprisonment for a term exceeding one year," because under North Carolina's structured sentencing, the maximum sentence he could receive did not exceed twelve (12) months. *Id.* at 206-07 (citing 18 U.S.C. § 922(g)(1)). The Fourth Circuit recognized that "Jones' theory of the meaning of section 922 accords with neither the language of section 922(g)(1) nor North Carolina judicial practice," because "[s]ection 922(g)(1) requires only that the crime be punishable by a term exceeding one year." *Id.* at 207. In rejecting the defendant's argument, the Fourth Circuit concluded that for purposes of § 922(g), the term "punishable" modified the crime and not the offender. *Id*. at 207. Thus, an offense qualified if any allowable sentence for the classification of the offense was punishable by a term of imprisonment exceeding one year. *Id.* ("viewing the class maximum as the statutory maximum for the crime appears to accord

5

both with the general practice in North Carolina courts and with the understanding of the court in Jones' case in particular.")

Likewise, this same rationale was adopted by the Fourth Circuit in Harp. There, the defendant contended that based on North Carolina's structured sentencing, the facts in his case "did not provide any basis for imposition of a sentence exceeding one year." Harp, 406 F.3d at 246. Once again, the Fourth Circuit rejected the defendant's argument and concluded that "a prior North Carolina conviction was for 'a crime punishable by imprisonment for a term exceeding one year,' if any defendant charged with that crime could receive a sentence of more than one year." Id. at 246 (*citing* Jones, 195 F.3d at 206-07).

Moreover, the Fourth Circuit recognized as late as June 29 2010, that Jones and Harp remain binding circuit precedent. *See* United States v. Champion, 2010 WL 2512325, at *1 (4th Cir. June 23, 2010)(unpublished); United States v. Perry, 2010 WL 2512339, at * 1 (4th Cir. June 23, 2010)(unpublished); United States v. Summers, 361 F. App'x 539, 541 (4th Cir. 2010) (unpublished); United States v. Short, 2010 WL 2640475, at *2 (4th Cir. June 29, 2010). Thus, the Fourth Circuit held that Harp is still good law even after Carachuri-Rosendo was published and Simmons, Watson, Williams, and Smith were remanded. Although the Fourth Circuit has since granted rehearings in Perry and Champion, unless and until the Fourth Circuit overrules Harp, it continues to be binding precedent. Therefore, "although it remains possible that the Fourth Circuit (or the Supreme Court ) may revisit or overrule Harp and Jones, until that happens, those cases

bind this Court." United States v. Austin, 2010 WL 3895781, * 3 (W.D.N.C. September 30, 2010). *See also*, United States v. Luviano-Vega, 2010 WL 3732137, * 4 (E.D.N.C. September 20, 2010)("the suggestion that the Fourth Circuit will find that Carachuri-Rosendo changed Fourth Circuit precedent is premature"). Accordingly, Defendant's indictment should not be dismissed.

**Conclusion**

For the foregoing reasons, it is RECOMMENDED that Defendant's motion to dismiss (DE-24) the indictment in this case be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, October 20, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE