IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-261-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DANIEL HOPKINS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss the indictment against him (DE #24). The government has filed a response to defendant's motion. Pursuant to 28 U.S.C. § 636(b)(1)(C) this matter was referred to United States Magistrate Judge William A. Webb for entry of a memorandum and recommendation ("M&R"). The magistrate judge entered a M&R wherein it was recommended that the defendant's motion to dismiss the indictment be denied. Defendant timely filed an objection to the M&R, to which the government did not respond. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge and denies defendant's motion to dismiss the indictment.

## BACKGROUND

On August 4, 2010, the grand jury returned a two-count indictment charging defendant with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924, and one count of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924. Defendant's arraignment is set for December 14, 2010 before United States Magistrate Judge David W. Daniel.

The offenses with which defendant is charged require defendant to have been convicted of

a crime punishable by a term exceeding one year. 18 U.S.C. § 922(g)(1). Whether the predicate offense qualifies as a felony for purposes of § 922(g)(1) is determined in accordance with the law of the jurisdiction in which the proceedings were held. 18 U.S.C. § 921(a)(20).

In this case, defendant's felony status is based on defendant's no contest plea to a charge of larceny from the person in violation of N.C. Gen. Stat. § 14-72(b)(1). Such offense constitutes a Class I felony under North Carolina law. Under the North Carolina structured sentencing statute, the maximum term of imprisonment a defendant may receive in connection with a Class I felony, assuming aggravating factors are present and a prior record level of VI, is fifteen (15) months imprisonment. N.C. Gen. Stat. § 15A-1340.17. Defendant, however, received twenty-four (24) months probation in connection with that offense.

On October 6, 2010, the defendant filed a motion to dismiss the indictment in light of recent cases decided by the United States Supreme Court, United States v. Rodriquez, 553 U.S. 377 (2008) and Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S.Ct. 2577 (2010). The government filed a response, and the matter was referred to the magistrate judge who entered his M&R on October 21, 2010, recommending that defendant's motion to dismiss be denied. On November 5, 2010, defendant filed an objection to the M&R, and the government did not respond.

## ANALYSIS

A.  Standard of Review

The court may "designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a variety of motions, including motions to dismiss. 28 U.S.C. § 636(b)(1)(A)-(B). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations

2

made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court is obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. Id.; see also Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Defendant has filed an objection to the M&R, essentially renewing the argument on which his motion to dismiss is based, which is that defendant does not have the requisite prior conviction under § 922(g)(1). Accordingly, the court will review the matter *de novo*.

B. Discussion

In his motion to dismiss, defendant contends that he is legally innocent of the charged offense of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Specifically, defendant argues that he does not have a prior conviction "punishable by imprisonment for a term exceeding one year" as required for conviction under § 922(g)(1) because defendant himself did not face a term of imprisonment exceeding one year in connection with his Class I felony.

This court's analysis is controlled by United States v. Harp, 406 F.3d 242 (4th Cir. 2005). Harp held that "in the context of a felon-in-possession-of-firearm conviction, . . . a prior North Carolina conviction was for 'a crime punishable by imprisonment for a term exceeding one year' if *any* defendant charged with that crime could receive a sentence of more than one year." Id. at 246 (citing United States v. Jones, 195 F.3d 205, 206-07 (4th Cir. 1999)) (emphasis in original). The Fourth Circuit held that the fact that a particular defendant, under structured sentencing, could not have received in excess of one year was irrelevant, as what mattered was the statutory maximum for the crime, notwithstanding that the particular statutory maximum could not have applied to the particular defendant. Id. Harp dictates that defendant's prior conviction meets the § 922(g)(1) requirement as a crime "punishable by imprisonment for a term exceeding one year" because the
3

offense provided for a maximum term of imprisonment longer than one year. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (providing a maximum of fifteen (15) months for Class I felonies). Under Harp, it is immaterial that defendant himself did not face a term of imprisonment longer than one year; what matters is that the offense is punishable by a term of imprisonment longer than one year by any defendant.

Defendant nonetheless argues that the Supreme Court's decisions in Rodriguez and Carachuri have overruled the Fourth Circuit's position in Harp and Jones. In Rodriguez, the defendant was charged with possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). Rodriguez, 553 U.S. at 380. Rodriguez had three prior state convictions in Washington for delivery of a controlled substance. Id. At the time of these drug offenses, the Washington statute under which Rodriguez was convicted provided for a term of imprisonment of not more than five years. Id. Another provision of the statute, however, stated that any person convicted of a second or subsequent offense could be imprisoned for up to ten years. Id. Under this recidivist provision, Rodriguez could have faced up to ten years on two of the drug charges.

The government in Rodriguez asked the district court to sentence Rodriguez under the Armed Career Criminal Act ("ACCA"), which sets a fifteen (15) year minimum sentence for a person who violates § 922(g) and has three previous convictions for a violent felony or a serious drug offense. Id. The government argued that two of Rodriguez's drug convictions were serious drug offenses under the ACCA because they were punishable by a maximum term of imprisonment of ten years. Rodriguez argued, and the Ninth Circuit agreed, that the "maximum term of imprisonment" under the ACCA is determined without reference to recidivist enhancements. The Supreme Court reversed, noting that the ACCA refers to the "maximum term of imprisonment prescribed by law"

4

for "an offense," not a defendant-specific inquiry that focuses on a defendant's prior record of convictions. Id. at 384-85. This court finds that Rodriguez supports, rather than undermines, the Fourth Circuit's holdings in Harp and Jones.[1]

Defendant also argues that the indictment against him should be dismissed based on the Supreme Court's recent decision in Carachuri. Carachuri faced deportation under federal law after he committed two drug offenses. Carachuri, 130 S.Ct. at 2580. The government sought to prevent Carachuri from seeking discretionary cancellation of removal from the United States on the basis that he was convicted of an "aggravated felony." Id. at 2581. Under immigration law, an "aggravated felony" can be a "drug trafficking crime," and a "drug trafficking crime" is defined as "any felony punishable under . . . the Controlled Substances Act." ("CSA") Id. (citations omitted). A "felony" is a crime for which the "maximum term of imprisonment" is "more than one year." Id. Under the CSA, Carachuri's first drug offense was a misdemeanor not punishable by a year of imprisonment, but a recidivist provision of the statute provided a punishment of up to two years for his second offense. Id. Carachuri deviates from Jones, Harp, and the instant case in that under the CSA, for a defendant to be eligible for an enhanced punishment under the recidivist provision, the CSA "requir[ed] that a prosecutor charge the existence of the prior simple possession conviction before trial, or before a guilty plea." Id. at 2581-82 (citing 21 U.S.C. § 851(a)(1)). The CSA required a prosecutor to give the defendant an opportunity to challenge the validity of the prior conviction before it could be used to enhance the current conviction. In Carachuri's case, the prosecutor did not elect to seek an enhancement based on Carachuri's criminal history. Id. at 2583. The Supreme

---

[1] This finding is supported by the Fourth Circuit decision United States v. Watson, 336 Fed. App'x. 363, 364 (4th Cir. 2009) vacated on other grounds by Watson v. United States, ___ U.S. ___, 130 S.Ct. 3455 (2010) ("[Rodriguez] supports, rather than contradicts, our decisions in Jones and Harp.").

5

Court concluded that Carachuri could not be classified as a recidivist because the procedure required under the CSA was not followed since "the prosecutor in [Carachuri's] case declined to charge him as a recidivist." Id. at 2589.

Carachuri is distinguishable from the instant case. North Carolina's structured sentencing regime, under which defendant's past conviction is classified, imposes no additional duty on a prosecutor to charge a defendant as a recidivist. See United States v. Luviano-Vega, 5:10-cr-184, 2010 WL 3732137, at *4 (E.D.N.C. Sept. 20, 2010). "[A] defendant's exposure to imprisonment of more than one year is automatically factored into the sentencing scheme based on his/her original conviction." Id. In Carachuri, the Supreme Court noted that had the prosecutor followed the requirement of the CSA and charged Carachuri as a recidivist, Carachuri's offenses would have been punishable by a term exceeding one year. Carachuri, 130 S.Ct. at 2589-90. Here, defendant's prior conviction under North Carolina structured sentencing automatically places him in a sentencing regime in which it is possible to receive more than one year of imprisonment regardless of whether the prosecutor charges defendant as a recidivist. Notably, the Supreme Court did not address the North Carolina structured sentencing regime in Carachuri, nor did it address what it means to be "punishable by a term of imprisonment exceeding one year" in that context. Luciano-Vega, 2010 WL, at *4. Carachuri focused on procedures required by certain statutes to classify a repeat offender as a recidivist in order to make the offender eligible for felony imprisonment. Id. North Carolina structured sentencing does not have such a procedure and thus is distinguishable from the sentencing scheme in Carachuri.

Defendant notes that several Fourth Circuit opinions following Jones and Harp have been vacated and remanded by the Supreme Court for reconsideration in light of Carachuri. See, e.g.,

6

United States v. Simmons, 340 F. App'x 141 (4th Cir. 2009); United States v. Watson, 336 F. App'x 363 (4th Cir. 2009); United States v. Williams, 353 F. App'x 839 (4th Cir. 2009); United States v. Smith, 354 F. App'x 830 (4th Cir. 2009). In remanding, however, the Supreme Court did not give the Fourth Circuit any instructions or suggestions. Therefore, any conclusion regarding the impact of the recent remands by the Supreme Court would be premature. Jones and Harp remain binding precedent until the Fourth Circuit decides these cases, and until then, there is no reason for this court to deviate from binding precedent.

Defendant additionally requests that the court reconsider its position in light of the recent Sixth Circuit case of United States v. Pruitt. 545 F.3d 416 (6th Cir. 2008). In that case, the Sixth Circuit addressed the issue of whether certain North Carolina felony convictions constituted predicate qualifying convictions for purposes of the career offender enhancement under the federal sentencing guidelines. The Sixth Circuit concluded, in direct conflict with Jones and Harp, that a district court must consider a defendant's prior record level in determining whether his prior North Carolina felony convictions qualify as predicate offenses. Id. at 419. Therefore, under Pruitt, the relevant maximum possible sentence for purposes of the career offender guideline is the high end of an individual defendant's sentencing range, not the maximum possible penalty for the offense. Id. Defendant argues that this court should apply the reasoning of the Sixth Circuit in Pruitt to the instant case. However, the Fourth Circuit has acknowledged that such an approach would be inappropriate as the Sixth Circuit's ruling is not binding on courts in this circuit. "[T]o the extent Pruitt may be inconsistent with Harp, decisions by our sister circuits are simply not binding upon this court." United States v. White, 362 Fed. App'x 348, 349 (4th Cir. 2010) vacated on other grounds by White v. United States, 2010 WL 1739323 (U.S., Oct. 4, 2010). The court therefore declines

7

defendant's invitation to reconsider its position in light of this Sixth Circuit case.

## CONCLUSION

Having reviewed the matter *de novo* in light of defendant's objection to the magistrate judge's recommendation, the court is satisfied that the magistrate judge's recommendation is well-supported by case law as it exists in the Fourth Circuit at this time. Accordingly, the court ADOPTS the recommendation of the magistrate judge. Defendant's motion to dismiss the indictment against him is DENIED.

SO ORDERED, this the 30th day of November, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge